## CONKLIN v. TOM C. MINING CO.

(Circuit Court of Appeals, Eighth Circuit. December 13, 1921.)

No. 5554.

Appeal and error ⬅➡931(1)—Presumption of correctness of decree of chancellor will uphold it, where evidence is contradictory.

> Where the evidence is contradictory the presumption of the correctness of a finding by the chancellor will sustain the finding and the decree thereon.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by the Tom C. Mining Company against Roland R. Conklin. From a decree in favor of plaintiff, defendant appeals. Affirmed.

Hiram W. Currey, of Joplin, Mo. (Marcer Arnold, of Joplin, Mo., on the brief), for appellant.

Frank L. Forlow, of Webb City, Mo., and Howard Gray, of Carthage, Mo., for appellee.

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. This is an action upon a promissory note given as part of the payment for zinc mining property located near Joplin, Mo. The execution of the note was admitted. The defense was lack of consideration and fraud in procurement of the contract of sale, and of the execution and delivery of the note. The answer also partook of the nature of a cross-petition, praying cancellation of this note and another given for other property and rescission of the contracts of purchase, on the same basis of lack of consideration and fraud. The reply amounts to a denial of the affirmative matter in the answer. From a decree denying the affirmative defenses, and in favor of plaintiff upon the petition and cross-petition, defendant appeals.

While counsel discuss, on this appeal, certain general principles of law relating to the right of rescission of contracts for fraud or for lack of consideration, there is, and can be, no difference as to those principles. They are firmly established by a long, unbroken line of federal and state decisions, and are so well understood as to require no additional statement here.

The only substantial error here urged is that the evidence did not justify the finding of the trial court that the defendant had failed to establish, through the evidence, his affirmative contentions as to fraud or failure of consideration. The record in this case requires almost 500 printed pages for statement. Most of this is made up of the evidence in the case. A careful consideration of all of this evidence convinces that the determination of the trial court upon the issues of fact was correct. The evidence is substantial upon both sides, but the most that can be said for it in appellant's favor is that it was contradictory. In such a situation, the presumption of the correctness of a finding by a chancellor would sustain the finding and

the decree thereon. But, irrespective of this presumption, the weight of the evidence is in favor of that finding. Defendant has clearly failed to establish his affirmative allegations.

The decree must be, and is, affirmed.